UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GATHA N. LOGAN, Jr. | ) | CASE NO 1:15-cv-303-HSM-CHS |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARTA-CARE-A-VAN | ) | |
| *Defendant.* | ) | |

REPORT AND RECOMMENDATION

Plaintiff Gatha N. Logan, Jr., acting *pro se*, has filed an Application to Proceed *In Forma Pauperis.* [Doc.1]. In considering the Plaintiff's *in forma pauperis* application, the Court must first review the complaint pursuant to 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

Plaintiff's complaint is devoid of facts that would give rise to an actionable claim. Plaintiff alleges that Carta-Care-A-Van fails to provide comparable "para-transit services" and "are making their own rules" [sic] in violation of the "ADA." (Complaint at 2; Page ID # 12).[1] Plaintiff asks that the Court order Defendant to provide a more accommodating service. The

---

[1] The undersigned takes judicial notice that CARTA, the Chattanooga Regional Transportation Authority, is the mass transit system of the city of Chattanooga, Tennessee, and Carta-Care-A-Van provides lift vans to transport the disabled to needed services.

1

Complaint does not identify the Plaintiff's disability or provide any facts regarding the manner in which Defendant allegedly fails to provide comparable services. In order to establish a *prima facie* case of disability discrimination under Title II of the Americans with Disabilities Act (ADA), the Plaintiff must allege he or she (1) has a disability; (2) is otherwise qualified; and (3) was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015), *accord Woodward v. City of Paris, Tennessee*, 520 F. Supp.2d 911, 915 (W.D. Tenn. 2007).

Plaintiff's complaint fails to allege any facts that indicate Plaintiff has a disability or that Plaintiff was being denied benefits under a City of Chattanooga program. Accordingly, it is RECOMMENDED[2] that Plaintiff's action be DISMISSED without prejudice and the Application to Proceed *In Forma Pauperis* (Doc. 1) be DENIED.

        s/*Christopher H. Steger*
        UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).